UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:01-cr-58-8 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| TARA A. MOORE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is a motion filed by defendant Tara A. Moore ("Moore") seeking relief from her federal firearms disability. (Doc. No. 273.) Because the Court is without jurisdiction to grant the requested relief, Moore's motion is denied.

I.  BACKGROUND

On July 17, 2001, Moore entered a guilty plea to one count of wire fraud. (Doc. No. 154 (Minutes of Guilty Plea); *see* Doc. No. 155 (Plea Agreement).) On October 19, 2001, the Court sentenced Moore to a custody term of 1 day, followed by 3 years of supervised release. (Doc. No. 202 (Judgment); Doc. No. 201 (Minutes of Sentencing Hearing).) Moore served her custody term, and she was released from her period of supervised release on October 23, 2004. (*See* Doc. No. 237 (Order).)[1]

On October 8, 2025, the Court received correspondence from Moore in which she requests "relief from the barriers that [her] conviction has placed on [her] ability to move forward." (Doc.

---

[1] The case was assigned to the Honorable Peter C. Economus. On February 23, 2012, following the retirement of Judge Economus, the matter was reassigned to the undersigned. (Staff Notes (Court Only), 2/23/2012.)

No. 273, at 1.) Specifically, she seeks "the opportunity to gain employment without restrictions and to lawfully carry a weapon in pursuit of [her] career in criminal justice." (*Id.* at 1–2.) Accordingly, the Court construes Moore's correspondence as a motion for relief from her federal firearms disability.

In support of her request, Moore insists that she "take[s] full responsibility for the actions that led" to her conviction. (*Id.* at 1.) Moreover, since her conviction, she underscores that she has "committed [herself] to growth, accountability, and service." (*Id.*) She is currently pursuing a bachelor's degree in criminal justice, "with the goal of working in law enforcement and creating programs that bridge the gap between the community and the police." (*Id.*) She explains that through her tenure as a committee member for the Akron City Council, she discovered a passion for public service, and that she is especially interested in serving "vulnerable and underprivileged populations, particularly missing and exploited children[.]" (*Id.*)

## II.     DISCUSSION

Once an individual has been convicted of a crime punishable by imprisonment for a term exceeding one year, it is unlawful for that person to possess any firearm. 18 U.S.C. § 922(g). Moore became subject to § 922(g)'s prohibition upon her conviction for wire fraud, a crime punishable by a term of imprisonment exceeding one year. Moore does not challenge the validity of her conviction, and, in fact, she readily accepts responsibility for the actions that led to her conviction. (Doc. No. 273, at 1.) Because Moore merely challenges the collateral consequences flowing from her conviction, and not the underlying conviction, the Court lacks jurisdiction to entertain her motion. Challenges to such collateral consequences must be filed in a separate civil rights action. *See also United States v. Miller*, No. 24-3254, 2025 WL 101272, at *5 n.4 (6th Cir.

Mar. 31, 2025) (noting that "there are many state and federal consequences that flow from a felony conviction—most of which implicate important civil rights . . . [b]ut because they are not part of the felony conviction, challenges to these restrictions occur in separate civil suits not in direct criminal appeals").

Additionally, 18 U.S.C. §§ 925(c) and 921(a)(20) arguably afford limited avenues for relief from the federal firearms disability. Section 925(c) provides that an individual who is prohibited from possessing a firearm may apply to the Attorney General for relief from the disability, and any individual whose application is denied by the Attorney General may file a habeas petition with the district court. 18 U.S.C. § 925(c). The Attorney General has delegated authority to act on those application to the Bureau of Alcohol, Tobacco and Firearms ("ATF"). *See United States v. Bean*, 537 U.S. 71, 74, 123 S. Ct. 584, 154 L. Ed. 2d 483 (2002). Since 1992, however, the ATF has been prevented by an appropriations bar from using appropriated funds "to investigate or act upon applications for relief from Federal firearms disabilities[.]" *Id.* (quotation marks and citation omitted). By defunding this administrative mechanism for restoring the right to bear arms, Congress also foreclosed access to judicial review. *Id.* at 76.

Convicted felons may also qualify for the restoration of their firearms rights by demonstrating that their conviction falls within the "exemption clause" of § 921(a)(20), which exempts convictions which have been "expunged, or set aside or for which a person has been pardoned or has had his civil rights restored[.]" 18 U.S.C. § 921(a)(2)); *see Walker v. United States*, 800 F.3d 720, 729–30 (6th Cir. 2015) ("Of course [the] appropriations measures blocking § 925(c) cannot entirely prevent felons from having their firearms rights restored because they could obtain a pardon, expungement, or restoration of civil rights from the convicting jurisdiction under §

3

921(a)(20)").

Moore has not established that she has been pardoned, nor has she filed a civil rights action to restore her rights. Even though she may still be able to pursue these avenues, such relief is not available from this Court. In limited circumstances, a district court does enjoy the authority to expunge a conviction, but Moore has failed to demonstrate an entitlement to such relief. Certain statutes explicitly permit the sealing or expunging[2] of criminal records. *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010). For instance, 18 U.S.C. § 3607(c) and 21 U.S.C. § 844a(j) grant courts the power to expunge convictions for certain violations of the Controlled Substances Act. *Id*. Other statutes, such as 34 U.S.C. § 12592 (formerly cited as 42 U.S.C. § 14132) and 10 U.S.C. § 1565(e), authorize the Director of the Federal Bureau of Investigation and the Secretary of Defense, respectively, to expunge certain DNA records. *Id*. None of these statutes apply to the instant case, and there is no federal statute that supplies district courts with general authority to seal valid criminal convictions. *See United States v. Welch*, No. 1:05-cr-158, 2007 WL 4465256, at *1 (W.D. Mich. Dec. 18, 2007).

The only other means by which this Court may expunge a conviction is under ancillary jurisdiction. Federal courts have "ancillary" jurisdiction over proceedings that are related to, but technically separate from, the original case over which the court has subject-matter jurisdiction over a proceeding if doing so serves one of two purposes. First, a court may exercise ancillary jurisdiction over two or more claims that are factually interdependent when doing so would permit disposition of those claims by a single court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375,

---

[2] For a federal district court, "'there is no distinction between sealing and expunging a criminal record.'" *United States v. Townsend*, No. 2:09-cr-118, 2014 WL 1884229, at *3 (S.D. Ohio May 9, 2014) (quoting *Cline v. United States*, No. 2:93-cr-94, 2009 WL 2475264, at *1 (S.D. Ohio Aug. 12, 2009)).

379, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (citations omitted). Second, exercising ancillary jurisdiction is appropriate if doing so enables a court "to manage its proceedings, vindicate its authority, and effectuate its decrees[.]" *Id*. at 380 (citations omitted). The power to expunge or seal a conviction may only be exercised if doing so would serve the second purpose. *See United States v. Smith*, No. 1:05-cr-286, 2010 WL 2802274, at *1 (W.D. Mich. July 15, 2010). Unlike "supplemental or "pendant" jurisdiction, which are dictated by 28 U.S.C. § 1367, ancillary jurisdiction is governed by case law. *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014) (citation omitted).

A district court's ancillary expungement power is rarely exercised, and courts "have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." *United States v. Robinson*, 79 F.3d 1149 (Table), 1996 WL 107129, at *2 (6th Cir. Mar. 8, 1996).

In *Field*, the Sixth Circuit held that district courts may exercise ancillary jurisdiction over motions to expunge unconstitutional convictions but not motions based on purely equitable considerations. *Field*, 756 F.3d at 916; *see, e.g., United States v. Deer*, 249 F. Supp. 3d 876, 877 (N.D. Ohio 2017). Thus, in order to expunge or seal a conviction under ancillary jurisdiction, the district court must find that (1) the motion raises a valid constitutional claim, and (2) granting the motion enables the court to manage its proceedings, vindicate its authority, or effectuate its decrees. *Deer*, 249 F. Supp. 3d at 877 (citing *Field*, 756 F.3d at 916).

Moore has not raised a constitutional challenge to the Court's judgment. Furthermore, expunging a 24-year-old conviction would not serve the second purpose of ancillary jurisdiction identified in *Kokkonen*. Expunging a conviction years after the closing of the case does not manage

5

this case, vindicate this Court's power, or help effectuate the Court's orders. *See Lucido*, 612 F.3d at 874–75 (finding that the court had no authority to expunge a conviction 16 years later because it would not serve the purposes of ancillary jurisdiction identified in *Kokkonen*). Consequently, this Court does not have ancillary jurisdiction to expunge Moore's valid conviction. *See United States v. Flagg*, 178 F. Supp. 2d 903, 905 (S.D. Ohio 2001) ("The view among the federal courts is that records of valid arrests, indictments or convictions ordinarily many not be expunged." (collecting cases)).

While this Court commends Moore for the positive changes she has made in the years following her release from prison, and it is sympathetic to the difficulties that convicted felons often face in the workplace, these are equitable considerations that cannot invoke ancillary jurisdiction. *See Field*, 756 F.3d at 916; *see, e.g., United States v. Davis*, No. 1:11-cr-02, 2022 WL 2163838, at *2 (E.D. Tenn. May 18, 2022); *United States v. Tippie*, No. 3:08-cr-288, 2013 WL 4782370, at *1 (N.D. Ohio Aug. 21, 2013). Her conviction was and remains valid. Accordingly, to the extent Moore seeks to expunge or seal her conviction, the request is denied.

### III. CONCLUSION

For all the foregoing reasons, Moore's motion for relief from her federal firearms disability is denied.

**IT IS SO ORDERED**.

Dated: November 12, 2025

                                               **HONORABLE SARA LIOI**
                                               **CHIEF JUDGE**
                                               **UNITED STATES DISTRICT COURT**